**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ERROL L. SCOTT                                                                         PETITIONER

V.                                        4:05CR0004-4
                                          4:08CV00277

UNITED STATES OF AMERICA                                                  RESPONDENT

**ORDER**

On January 4, 2005, a Grand Jury sitting in the Eastern District of Arkansas indicted Petitioner on two counts.  The first count charged the Petitioner with armed bank robbery in violation of 18 U.S.C. §2113(a) and (d) and the second count with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c).  On August 9, 2005, the Petitioner pled guilty to a three count Superseding Information as part of a plea agreement.  In addition to pleading guilty to Count One of aiding and abetting in an armed bank robbery, Petitioner pled guilty to Count Three of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).  Count Two was subsequently dismissed.

On March 24, 2006, the Court sentenced the Petitioner to a term of imprisonment on Count One of 120 months and a term of imprisonment on Count Three of 120 months, to be served concurrently. The Petitioner appealed his sentence to the Eighth Circuit Court of Appeals alleging that the District Court erred in failing to grant a departure pursuant to U.S.S.G. §4A1.3(b) and that the resulting sentence was unreasonable.

In *United States v. Scott*, 220 Fed. Appx. 440 (8th Cir. 2007), the Eighth Circuit affirmed the Petitioner's sentence.  The Court held that Scott's claim of erroneous failure to depart was unreviewable on appeal.  The Court also determined that Scott's 120 month sentence, on the low

end of his advisory Guidelines range, was not unreasonable. The Petitioner filed a petition for certiorari to the United States Supreme Court which was denied on January 7, 2008. *Scott v. United States*, 128 S. Ct. 929 (2008).

Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. § 2255 arguing  (1) ineffective assistance of counsel because counsel failed to object to the Petitioner's assigned criminal history category of VI and by failing to amend Petitioner's appeal following enactment of Amendment 709; and (2) the Petitioner's criminal history should be recalculated based on amended Guideline §4A1.2(a)(2) and without such recalculation, his sentence is illegal in violation of the Fifth Amendment.

Petitioner's grounds for relief in his motion under §2255 are centered on the alleged applicability of Amendment 709 to Petitioner's case. Amendment 709 became effective November 1, 2007. Petitioner argues that the amendment is clarifying, thus, should be given retroactive treatment. U.S.S.G. §1B1.11 requires the Court to use the Guidelines Manual in effect on the date the defendant is sentenced. The Eighth Circuit has stated that insofar as a post-sentence amendment is clarifying, rather than substantive, the Court may rely on it in interpreting the unamended Guideline. *United States v. Renfrew*, 957 F.2d 525, 527 (8th Cir.1992).

The Third, Ninth, Seventh and First Circuit Courts of Appeals have each held that Amendment 709 is substantive, rather than clarifying and thus does not apply retroactively. *See United States v. Marler*, 527 F.3d 874 (9th Cir. 2008) (stating on direct appeal that "[t]he 2007 amendment accordingly was a substantive change, not a clarifying change, and does not apply retroactively.") (*citing United States v. Wood*, 526 F.3d 82 (3d Cir. 2008) (holding that "the

amended version of § 4A1.2(a)(2) effects a substantive change" and therefore did not apply retroactively) and *United States v. Godin*, 522 F.3d 133, 135 (1st Cir.2008) (holding that Amendment 709 was substantive); *United States v. Alexander*, 2009 WL 140506 (7th Cir. Jan. 22, 2009)("Amendment 709 changed the guideline rather than merely clarifying it.").

This Court agrees with these Courts and finds that Amendment 709 is substantive rather than clarifying and may not be applied retroactively. Accordingly, Petitioner's argument that his criminal history should be recalculated and without such recalculation his sentence is illegal in violation of the Fifth Amendment is without merit.

To obtain relief on his ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689, 104 S.Ct. 2052. In the context of a guilty plea, Petitioner must also establish that "there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial." *United States v. Davis*, 508 F.3d 461, 463 (8th Cir.2007).

Petitioner argues that his counsel was ineffective for failing to object to a criminal history category of VI based on Petitioner's previous criminal convictions. The sentencing transcript demonstrates that Petitioner's counsel did object to several aspects of the original presentence

report.  Specifically, Petitioner's counsel objected to paragraphs 43, 44, 47 and 48 of the presentence report which represented charges for possession and for failure to appear. Petitioner's counsel argued that the possession and subsequent charge for failure to appear should be counted together, rather than separately, resulting in a lesser criminal history category.  These objections were overruled. (Sent. Tr. 7-10).  Petitioner's counsel also moved for a downward departure arguing that the Petitioner's criminal history was overstated.  (Sent. Tr. 7).  The Court considered Petitioner's arguments, denied the motion but sentenced the Petitioner at the low end of the advisory range in part "because of the arguments made about [Petitioner's] criminal history."   (Sent. Tr. 17).

Petitioner fails to state any facts which would support his assertion that he had ineffective assistance of counsel.  Petitioner's counsel objected to the criminal history calculation during sentencing and on appeal argued that the Court erred in the application of the Petitioner's criminal history under the Sentencing Guidelines and the resulting sentence was unreasonable. The Eighth Circuit Court of Appeals examined the evidence and affirmed the sentence.  Claims that the Petitioner raised and the Court decided on direct appeal cannot be re-litigated in a 28 U.S.C. §2255 motions.  *Dall v. United States*, 957 F. 2d 571, 572 (8th Cir. 1992).    Even if the Court determined that Petitioner was not procedurally barred from raising these claims, Petitioner has failed to show that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial.

Because Amendment 709 is not applicable to Petitioner's case, Petitioner suffered no prejudice based upon his counsel's failure to raise this issue on appeal.   The Court finds that

Petitioner has not met the stringent requirements of proving ineffective assistance of counsel.

Petitioner is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case, "accepted as true, would not entitle [him] to relief, or ... the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. " *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994).  Based upon the record, the Court finds that Petitioner is not entitled to an evidentiary hearing and his arguments fail for the reasons set forth herein.

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket #144), is denied .

IT IS SO ORDERED this 26th day of January, 2009.

James M. Moody
United States District Judge