## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**ERROL L. SCOTT**                                                   **PETITIONER**

**V.**                                      **4:05CR0004-4**
                                            **4:08CV00277**

**UNITED STATES OF AMERICA**                          **RESPONDENT**

### ORDER

Pending is Petitioner's motion for reconsideration of the dismissal of his motion filed

pursuant to 28 U.S.C. § 2255. (Docket # 155).  Petitioner cites *United States v. Leon-Alvarez*,

532 F.3d 815, 821 (8th Cir. 2008) for the proposition that Amendment 709 clarified, rather than

substantively amended Section 4A1.2 of the Sentencing Guidelines.[1]  Petitioner argues that the

amended version of Section 4A1.2(a)(2) should have been given retroactive effect .

On January 4, 2005, a Grand Jury sitting in the Eastern District of Arkansas indicted

Petitioner on two counts.  The first count charged the Petitioner with armed bank robbery in

violation of 18 U.S.C. §2113(a) and (d) and the second count with brandishing a firearm during

and in relation to a crime of violence in violation of 18 U.S.C. §924(c).  On August 9, 2005, the

Petitioner pled guilty to Counts 1 and 3 of a three count Superseding Information as part of a plea

agreement.  In addition to pleading guilty to Count One of aiding and abetting in an armed bank

robbery, Petitioner pled guilty to Count Three of being a felon in possession of a firearm in

violation of 18 U.S.C. §922(g)(1).  Count Two was subsequently dismissed.

On March 24, 2006, the Court sentenced the Petitioner to a term of imprisonment on

---

[1]Judge Bright in his concurring opinion stated: "Amendment 709 appears to be a
clarifying amendment with respect to §4A1.2(c)" and therefore could be given retroactive effect.

Count One of 120 months and a term of imprisonment on Count Three of 120 months, to be served concurrently. The Petitioner appealed his sentence to the Eighth Circuit Court of Appeals alleging that the District Court erred in failing to grant a departure pursuant to U.S.S.G. §4A1.3(b) and that the resulting sentence was unreasonable.

In *United States v. Scott*, 220 Fed. Appx. 440 (8th Cir. 2007), the Eighth Circuit affirmed the Petitioner's sentence.  The Court held that Scott's claim of erroneous failure to depart was unreviewable on appeal.  The Court also determined that Scott's 120 month sentence, on the low end of his advisory Guidelines range, was not unreasonable.  The Petitioner filed a petition for certiorari to the United States Supreme Court which was denied on January 7, 2008.  *Scott v. United States*, 128 S. Ct. 929 (2008).

The case on which Petitioner relies does not apply to Section 4A1.2(a)(2).  Judge Bright specifically recognized in his concurring opinion that the "Third and Ninth Circuits [had] concluded that . . . Amendment 709 effected a substantive change to §4A1.2(a)(2)" but stated that "[t]hese cases have no bearing on the effect of Amendment 709 as making a clarifying change with respect to §4A1.2(c), which can be applied retroactively."  *Id.* at 821 n.7.  *See also*, *United States v. Wendt*, 2009 WL 1851218 (W.D.Mo. 2009)(finding "[b]ecause Amendment 709 is not listed in Section 1B1.10, and because the changes it makes to Section 4A1.2(a)(2) are substantive rather than clarifying, amended Section 4A1.2(a)(2) does not apply retroactively...").

For the reasons stated above, and in the Court's Order denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Petitioner's motion, docket # 155, is denied.

IT IS SO ORDERED this 14th day of December,  2009.

James M. Moody
United States District Judge